

PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ADHAM AMIN HASSOUN,

        Petitioner,

v.

JEFFREY SEARLS, in his official
capacity Acting Assistant Field Office
Director and Administrator of the Buffalo
Federal Detention Facility,

        Respondent.
_____

**ORDER**

1:19-CV-00370 EAW

*Pro se* Petitioner, Adham Amin Hassoun ("Petitioner"), is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. He claims, by his attorney, that he is "a stateless Palestinian man who has been ordered removed from this country," but no country has agreed to accept him since the end of his criminal sentence 17 months ago. (Dkt. 1 at ¶ 5). Subject to a final order of removal, Petitioner claims that he has been in United States Immigration and Customs Enforcement ("ICE") custody for far longer than the 90-day removal period and that he currently is being detained indefinitely in violation of the Constitution. *See generally* 8 U.S.C. § 1231(a)(1) (Attorney General, succeeded by the Secretary of Homeland Security for this purpose, must remove alien within 90 days of final order of removal), (a)(6) ("An alien ordered removed . . . may be detained beyond the [90-day] removal period. . . ."); *Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001) (presumptive limit to reasonable duration of detention under § 1231(a)(6) is

six months); *see also* 8 U.S.C. § 1226(c) (Attorney General required to detain certain aliens); *Jennings v Rodriguez*, 138 S. Ct. 830, 851 (2018) (reserving determination on merits of due process arguments regarding extended detention without bond). Petitioner has paid the $5.00 filing fee.

In a prior decision and order ruling upon an earlier filed petition, Chief District Judge Frank P. Geraci, Jr. found that the Government could not establish that Petitioner would be removed to another country within the reasonably foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and, therefore, Petitioner's detention had become unlawful, *see Hassoun v. Sessions*, 1:18-cv-00586-FPG, Dkt. 46 (Jan. 2, 2019). Chief Judge Geraci granted the petition and directed, *inter alia*, that the Government release Petitioner by March 1, 2019, unless ordered otherwise. *Id.* at 15. However, the Government was not precluded from continuing Petitioner's detention on any other "permissible basis under applicable statutes and regulations." *Id.*

On February 22, 2019, Respondent filed a notice informing Chief Judge Geraci that ICE intended to detain Petitioner beyond March 1, 2019, on account of special circumstances. *Id.*, Dkt. 55. Chief Judge Geraci determined that Respondent's notice complied with his prior order and that no further notice was required. *Id.*, Dkt. 58. On March 5, 2019, Chief Judge Geraci denied Petitioner's subsequent motion for an expedited status conference and to reopen the case. *Id.*, Dkt. 60.

In the instant Petition, Petitioner claims that the regulation relied on by the Government to continue his detention, 8 C.F.R. § 241.14(d), is unlawful, unconstitutional,

and violates substantive and procedural due process protections (Dkt. 1 at ¶¶ 8-9). He therefore seeks relief under 28 U.S.C. § 2241.

Respondent has filed a letter pursuant to Rule 5.1(e) of the Local Rules of Civil Procedure, stating that the instant matter is related to *Hassoun v. Searls*, Case No. 1:18-cv-00586-FPG. (Dkt. 3). Local Rule 5.1(e) provides that each attorney in a civil case "has a continuing duty to notify the Clerk promptly when the attorney has reason to believe that said case is related to some other pending civil or criminal action(s) such that its assignment to the same Judge would avoid unnecessary duplication of judicial effort." As Petitioner indicates in his responsive letter, the plain language of this Rule requires such notice only when an attorney's case relates to "some other *pending*" civil or criminal matter. *Id.* (emphasis added); (*see* Dkt. 5).

The civil action that was pending before Chief Judge Geraci has since closed prior to the filing of the instant Petition, *see Hassoun v. Searls*, Case No. 1:18-cv-00586-FPG, Dkt. 56, and Petitioner's motion to reopen that case was denied on March 5, 2019, *id.*, Dkt. 60. As a result, there is no reason to conclude that the reassignment of this matter to Chief Judge Geraci "would avoid unnecessary duplication of judicial effort." L.R. Civ. P. 5.1(e). Furthermore, Petitioner is also a Plaintiff in a separate action currently pending before the undersigned. *See Community Justice Clinic v. Dep't of Justice*, Case No. 1:19-cv-00309-EAW. Although Respondent argues that "[i]t is not clear" whether *Community Justice Clinic* is sufficiently "related" to the instant § 2241 proceeding for purposes of Local Rule 5.1(e) (*see* Dkt. 3), Petitioner contends that the disclosure sought in *Community Justice Clinic* is relevant to issues pertaining to his continued detention (Dkt. 5). A review of the

Complaint filed in *Community Justice Clinic* indicates that the records sought in that case are indeed pursued for the purpose of challenging Petitioner's continued detention under the regulation identified in his Petition. *Community Justice Clinic v. Dep't of Justice*, Case No. 1:19-cv-00309-EAW, Dkt. 1 at ¶¶ 1, 3, 11.

Therefore, because *Hassoun v. Searls*, Case No. 1:18-cv-00586-FPG is no longer "pending" before Chief Judge Geraci, and since the undersigned is currently presiding over a pending civil action related to Petitioner's § 2241 Petition, the instant matter will remain assigned to the undersigned.

## ORDER

IT IS HEREBY ORDERED that within **45 days of the date of this Order,** Respondent shall file and serve an **answer** responding to the allegations in the Petition; and it is further

ORDERED that within **45 days of the date of this Order,** Respondent shall file and serve, in addition to his answer, a **memorandum of law** addressing each of the issues raised in the Petition and including citations to supporting authority and applicable sections of the Immigration and Nationality Act; and it is further

ORDERED that within **45 days of the date of this Order**, instead of his answer, Respondent may file a **motion to dismiss** the Petition, accompanied by appropriate exhibits demonstrating that an answer to the Petition is unnecessary; and it is further

ORDERED that Petitioner shall have **25 days after his receipt of the Respondent's answer or motion to dismiss** to file a written response; and it is further

ORDERED that the Clerk of Court shall serve a copy of the Petition, together with a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at <u>USANYW-Immigration-Habeas@usdoj.gov</u>.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   March 22, 2019
         Rochester, New York