UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ADHAM AMIN HASSOUN,

          Petitioner,                      **ORDER**

        v.                                 1:19-CV-00370 EAW

JEFFREY SEARLS, in his official
capacity as Acting Assistant Field Office
Director and Administrator of the Buffalo
Federal Detention Facility,

          Respondent.
_____

      Petitioner Adham Amin Hassoun ("Petitioner") is a civil immigration detainee currently housed at the Buffalo Federal Detention Facility (the "BFDF") in Batavia, New York, who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1226a(b), arguing that his current detention is unauthorized by lawful statute or regulation and that he must be released, with appropriate conditions of supervision. An evidentiary hearing is presently scheduled to commence on April 28, 2020. (Dkt. 71). Respondent Jeffrey Searls, the Acting Assistant Field Office Director and Administrator of the BFDF ("Respondent"), has filed a motion to adjourn the evidentiary hearing due to the national emergency and worldwide pandemic caused by the Coronavirus Disease-2019 ("COVID-19"). (Dkt. 120). In response, Petitioner has filed an emergency motion to be released to home detention because of health concerns due to COVID-19 and the BFDF's

alleged inability to address those concerns. (Dkt. 122). An expedited schedule has been set by the Court with respect to the pending motions. (Dkt. 124; Dkt. 128).

On April 6, 2020, a group of self-identified public health and human rights experts filed a motion for leave to appear as *amici curiae* and file a brief regarding Petitioner's motion for release to home incarceration. (Dkt. 135). For the reasons set forth below, the motion is denied.

*Amicus curiae* is Latin for "friend of the court"—not "friend of a party" as noted by Judge Posner in *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997). Yet, the role of *amicus curiae* typically is adversary in nature—taking one side or the other—as opposed to serving as a neutral assistant to the court. *Id*. "There is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an *amicus* brief in the district court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (alteration in original) (quotation omitted). "District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992).

"The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). "Thus, when those purposes are not served, typically, courts deny motions seeking leave to appear *amicus curiae*." *Onondaga Indian Nation v. New York*, No. 97-CV-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997). As explained by the Seventh Circuit Court of Appeals:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

*Ryan*, 125 F.3d at 1063 (citations omitted).

The Court denies the request to appear as *amici curiae* because the Court does not find the proposed brief to be helpful to the Court, and accepting the brief will only delay resolution of the pending motions. The proposed brief generically addresses the risks of COVID-19, citing heavily to media reports and public announcements (*see* Dkt. 135-2 at 3-4)—all of which should be well within the general knowledge of anyone even tangentially following the progress of this pandemic. Adding to its lack of helpfulness is the fact that the proposed brief has apparently been recycled from a submission made to another court in an entirely different proceeding. In the memorandum of law submitted in support of the request for leave to file the brief, the proposed *amici* cite to "Local Civil Rule 7(o)"—a rule that does not exist in this District—and they reference "Department of Corrections' two interconnected jails, the Central Detention Facility ('CDF') and Correctional Treatment Facility ('CTF')" (Dkt. 135-1 at 2)—two facilities not located in this District and having no relevance to Petitioner or the pending motions before the Court.

Petitioner has submitted materials addressing the potential impact of the COVID-19 pandemic on the BFDF and his personal health situation. (Dkt. 122-4; Dkt. 129). An expedited schedule has been set for resolution of the pending motion to adjourn and motion

for release, and allowing the submission of the brief *amici curiae* would only delay resolution of those motions because the Court would not accept the brief without affording the parties an opportunity to respond.

For all of these reasons, the Court denies the motion for leave to file a brief of *amici curiae*. (Dkt. 135). As a result, the motions for leave to appear *pro hac vice* (Dkt. 132; Dkt. 133; Dkt. 134) are denied as moot.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 7, 2020
        Rochester, New York