UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADHAM AMIN HASSOUN,

        Petitioner,

        v.

JEFFREY SEARLS, in his official
capacity as Acting Assistant Field Office
Director and Administrator of the Buffalo
Federal Detention Facility,

        Respondent.

**ORDER**

1:19-CV-00370 EAW

---

      Both parties have filed motions to seal (Dkt. 243; Dkt. 245) in connection with Respondent's motion to stay (Dkt. 242). Although the Court has previously allowed the sealed filings of some of these same materials in connection with this matter, those determinations were made during a different procedural posture in the case. Moreover, the Court now *sua sponte* reconsiders those determinations, for the reasons discussed below.

      The parties seek to seal materials that they are specifically relying upon in support of their respective positions on the pending motion to stay, which the Court will have to analyze and discuss in issuing a written decision in connection with that pending motion. The Court further does not find that any of the parties' justifications for sealing the documents meets the high threshold for sealing, particularly given the fact that much of what the parties seek to seal has already been publicly disclosed in one form or another.

      For instance, Respondent generally contends that the declaration of Michael H. Glasheen (the "Glasheen Declaration") and attached Federal Bureau of Investigation

letterhead memorandum dated June 5, 2020 (the "FBI Letter"), must be sealed as the material "contains sensitive, confidential, non-public, law enforcement information, including law enforcement tactics and plans with regard to the government's plans and ability to monitor Petitioner." (Dkt. 243-1 at ¶ 4). Respondent's statement is conclusory and is not supported by a review of the Glasheen Declaration, which does not reveal anything particularly sensitive or confidential. Similarly, the attached FBI Letter reiterates allegations, much of which are already in the public record. Moreover, the Court anticipates referencing material in the FBI Letter in connection with its decision on the pending motion to stay. As explained by the Second Circuit, strong policy reasons support not only disclosure of the Court's written decision, but also any underlying material on which it relies in reaching that decision:

> The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice. Federal courts exercise powers under Article III that impact upon virtually all citizens, but judges, once nominated and confirmed, serve for life unless impeached through a process that is politically and practically inconvenient to invoke. Although courts have a number of internal checks, such as appellate review by multi-judge tribunals, professional and public monitoring is an essential feature of democratic control. Monitoring both provides judges with critical views of their work and deters arbitrary judicial behavior. Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.

*United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Petitioner's motion to seal is even more general and broad, seeking to seal the entirety of his submission except for those materials that he is able to reach agreement on

with Respondent.  (*See* Dkt. 245-1 at ¶¶ 4-5).  Petitioner cites to the alleged harm in disclosure of unproven allegations against him and the potential impact on his ability to be removed to a safe third country.  (*Id.* at ¶ 2).  However, the Court is not persuaded, especially given that extensive information about Petitioner already exists in the public domain *and* the fact that Respondent concedes that much of these allegations could not establish Petitioner's dangerousness within the parameters set by the Court.  Moreover, Petitioner does not identify with any particularity which materials need to be sealed and for what reasons.  (*See generally* Dkt. 245-1).

Under both the common law and the First Amendment, there is a strong presumption of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995).  "In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order[s] [are] narrowly tailored to achieve that aim."  *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).  Neither party has provided sufficient information to the Court to meet this standard.

Accordingly, the motions to seal (Dkt. 243; Dkt. 245) are hereby denied.  On or before 9:00 AM on Monday, June 29, 2020, each party must publicly file the entirety of his papers submitted in connection with the motion to stay.  The Court does not mean to preclude either party from filing, prior to that date and time, a much more narrowly tailored motion to seal, but any such motion must contain specifics as to any proposed redactions and identify with respect to each proposed redaction the justification for keeping the

information from the public record. Both parties should also be aware that resolution of any such future motion to seal will be necessary prior to the Court rendering a decision on the pending motion to stay.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:	June 26, 2020
	Rochester, New York